IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                         No. CV 11-0354 JP/LFG
                                                            CR 10-0589 JP

HECTOR JESUS NAJERA-QUEZADA,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2255 Proceedings, on Defendant's Motion For Reduction Of Sentence By An Inmate In Federal Prison Pursuant To 28 U.S.C. §2255 (CV Doc. 1; CR Doc. 24).  Defendant alleges that, because of his status as a deportable alien, he is ineligible for certain pre-release custody programs.  He argues that his ineligibility was a mitigating factor at sentencing, and this Court's failure to consider his deportability resulted in a longer sentence than would have been imposed on an American citizen.  Defendant also asserts that his attorney provided ineffective assistance by failing to raise deportability as a mitigating factor.

      According to the motion, the Court's failure to reduce Defendant's sentence based on deportability violated his rights under the Due Process and Equal Protection Clauses.  No relief is available on Defendant's claim.

> [Defendant's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed . . . .
> . . . .
> . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating

prisoners who will re-enter society after their release from confinement.

*United States v. Tamayo*, 162 F. App'x 813, 814, 816 (10th Cir. 2006) (internal citations omitted). Under the reasoning in *Tamayo*, no relief is available on Defendant's claim under § 2255 for reduction of his sentence. And furthermore, "[a]s there was no error in the imposition of the sentence . . . , [Defendant] has made no showing no showing of prejudice due to the alleged ineffective assistance of his counsel." *United States v. Tackles*, No. 02-8114, 2003 WL 1849350, at **2 (10th Cir. Apr. 10, 2003). Defendant is not entitled to relief, *see* § 2255 R. 4(b), and the Court will dismiss his motion.

   IT IS THEREFORE ORDERED that Defendant's Motion For Reduction Of Sentence By An Inmate In Federal Prison Pursuant To 28 U.S.C. §2255 (CV Doc. 1; CR Doc. 24) is DISMISSED with prejudice, and judgment will be entered.

                  */s/ James A. Parker*
                  UNITED STATES DISTRICT JUDGE